Curia per
Coúcock J.
In this case the Court concur in the opinion delivered by the presiding judge, that the assignees are answerable to the Court of Common Pleas for their conduct, and consequently subject to be called before the Court by rule, to shew in what manner they are proceeding. This responsibility seems to result as a matter of course from the appointment by that Court. They are the officers of the Court pro hac vice. The act throughout seems to justify this construction, for their compensation is to be fixed by the Court; and this would, seem to imply that there must be a knowledge of the Services performed. It is in analogy with the accountability of all other officers, as the Commissioners of Bankrupts to the Chancellor, arbitrators to the Court which appoints them, and Sheriffs and Clerks to their respective Courts. It is also certainly more convenient and less expensive than by application to the Court of Equity, which would often swallow up a large portion of the fund. It is apparent that cases may occur in which the examination of the accounts of the assignees would be attended with a great deal of trouble; but in such ca *10 ses a reference may be made to the Clerk, and he required to report to the Court.
Having decided then that the assignees are accountable to this Court, the next question is, how shall the funds in their hands be distributed; and this is a question' of much greater difficulty. By 'Jhe first clause of the act,, the applicant is directed to assign to the creditor or creditors at whose suit such petitioner stands charged, or to such other person or persons as the said Court shall direct, and that the assignment so made as aforesaid “ shall be in trust for the suitor or suitors and such other the creditors of the said petitioners as shall be willing to receive a dividend of his real estate, goods and effects, and shall within twelve months after the time of exhibiting the petition make their demands: and by such assignment the estate, interest and property of the lands, goods and effects, so assigned, shall be vested in the persons to whom such assignment is made, who may take possession of or sue for the same, in his or their own name or names, in like manner as assignees in commissions of bankruptcy can, or lawfully may do by the laws or statutes of Great Britain : And by the third section, it is enacted that the person or persons to whom the said assignments are made, shall be and are hereby declared to be trustees for all and singular the creditors of the said petitioner, who are willing to come in and receive their dividends, and who shall within twelve months after his discharge deliver unto the said trustees or any of them, an exact account upon oath of the several debts and demands to them owing, and that-said trustee or trustees, after having sold the said petitioner’s lands and effects, and collected in the several debts due to him, which they are hereby required to do with the utmost expedition, shall thereout, first satisfy and discharge the said eosts of suit and other costs and fees aforesaid, and shall next deduct and retain in his or their own *11 bands a reasonable compensation for bis or their trouble in executing the said trust, to be fixed and allowed by the Court by whom such person or persons were appointed trustee or trustees: and such trustee or trustees shall within one month thereafter divide the remaining balance of the said Estate among such of the creditors who deliver in the amount of their demands within the time aforesaid, according and in proportion to their several and respective debts.”
By these provisions of the act it would appear as if the Legislature had intended, that the whole of a debtor’s property should .be divided rateably and in proportion among all his creditors. But it has been repeatedly decided that where there is a lien on part of the insolvent’s property, that must be discharged in the first place; and it is contended that the money ($500) paid by the defendant, Gibbes, into Court, at the time he took the benefit of the act, was bound by the executions, and consequently ■ought to be paid to them in their respective order of seniority. I have examined the authorities with attention, and they are very strong to support the position that money may be levied on by an execution, and even that bank bills have been considered as money for the purpose in the state of New-York. But if it is to follow (as it would seem unavoidably to do,) this doctrine, that money or bills must be considered as bound by the execution, the consequences which would result in practice are such as must necessarily induce us to dissent from the doctrine, for it would lead to endless litigation and perjuries. The property was eertainly bound by the executions; the proceeds thereof must, therefore be paid to the oldest execution creditor, and then the expenses and commissions deducted from the sum in their hands, and the balance divided amongst such of the creditors as delivered in the amount of their demands within twelve months after the *12 discharge of the petitioner, in proportion to their several and respective debts; and that the sum of five per cent, be allowed the assignees for their trouble. The motion to reverse that part of the decision which makes the assignees answerable to the - Court of Common Pleas, is dismissed; and so much thereof .as orders the $500 to be paid to the oldest judgment creditor is reversed.

Motion refused.